## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**ARCADIA GROUP BRANDS LIMITED,** )
 **et al.,** )
  )
          **Plaintiffs,** )
  )
       **v.** )     **No. 10 C 7790**
  )
**STUDIO MODERNA SA, et al.,** )
  )
       **Defendants.** )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Studio Moderna SA and

Defendant Top Shop TV, LLC's (collectively referred to as "Moderna") motion to

dismiss Counts I and III of the complaint, and on Plaintiff Arcadia Group Brands

Limited and Plaintiff Arcadia Group (USA) Limited's (collectively referred to as

"Arcadia") motion to dismiss or strike Counts I and II of the counterclaim. For the

reasons stated below, Moderna's motion to dismiss is denied and Arcadia's motion to

dismiss is granted.

# BACKGROUND

Arcadia contends that it owns the mark "TOPSHOP" (Mark), which is used on a women's fashion brand based in the United Kingdom. Arcadia allegedly has been selling its TOPSHOP brand to United States customers since 1998. In 2002, Moderna allegedly registered a TOP SHOP TV mark to sell retail merchandise. Arcadia contends that it objected to Moderna's registration and petitioned to have the registration and application cancelled. In 2004, Arcadia and Moderna allegedly entered into an agreement (Agreement) under which Moderna agreed not use the Mark for certain brand articles of clothing, footwear or headgear in any country. According to Arcadia, in 2010 Moderna violated the Agreement when it began using the Mark to sell women's clothing to customers in the United States on Moderna's topshoptv.com website. Arcadia contends that Moderna's alleged activities will mislead and/or confuse customers as to the origin of products and that the use of the Mark by Moderna will dilute the reputation of Arcadia's brand as fashion-forward and of high quality, and will tarnish the reputation of Arcadia's TOP SHOP brand.

Arcadia includes in its complaint trademark infringement claims brought under the Lanham Act, 15 U.S.C. § 1051 *et seq.* (Count I), false designation of origin claims (Count II), trademark dilution claims (Count III), deceptive trade practices claims (Count IV), Illinois Consumer Fraud and Deceptive Business Practices Act,

815 ILCS 505/1, *et seq.* claims (Count V), common law trademark infringement and unfair competition claims (Count VI), a cybersquatting claim (Count VII), a breach of contract claim (Count VIII), and a claim for declaratory relief (Count IX).

Moderna filed a counter claim, contending that Arcadia is engaging in overreaching, anti-competitive efforts to restrict Moderna's ability to function in the United States market through assertion of non-existent rights under the Mark. Moderna contends that Arcadia does not have superior rights over of the Mark in the United States. Moderna includes in the counterclaim a claim for declaratory relief (Count I), trademark misuse claims (Count II), and a claim seeking the cancellation of Arcadia's trademark registrations (Count III).

Moderna moves to dismiss Counts I and III of the complaint and Arcadia moves to dismiss or strike Counts I and II of the counterclaim.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable

to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

I. Moderna's Motion to Dismiss

Moderna moves to dismiss the trademark infringement claims (Count I) and the trademark dilution claims (Count III).

A. Trademark Infringement Claims (Count I)

Moderna argues that Arcadia's trademark infringement claims brought under the Lanham Act are improper because Arcadia's trademark registrations were not prior to Moderna's registration of its TOPSHOP TV mark. For a trademark infringement claim, a plaintiff must establish: (1) "that its mark is protected under the

Lanham Act," and (2) "that the challenged mark is likely to cause confusion among consumers." *Barbecue Marx, Inc. v. 551 Ogden, Inc.*, 235 F.3d 1041, 1043 (7th Cir. 2000). Moderna argues that Arcadia has failed to allege facts that plausibly suggest that it has a protectable mark. Moderna claims that it has shown that it has constructive use of the TOP SHOP TV mark dating back to October 14, 2002, the filing date of Moderna's intent to use application. Moderna contends that Arcadia has claimed a first use date prior to October 14, 2002, for only two of the eight registrations alleged in the complaint. A party can obtain "a protectable right in a trademark only through use of the mark in connection with its product" and "[t]he party who first appropriates the mark through use, and for whom the mark serves as a designation of source, acquires superior rights to it." *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 433-34 (7th Cir. 1999); *see also Pure Imagination, Inc. v. Pure Imagination Studios, Inc.*, 2004 WL 2967446, at *4 (N.D. Ill. 2004)(stating that "[t]he registration of a trademark in the United States Patent & Trademark Office establishes constructive use of the trademark nationwide").

Arcadia has alleged facts that plausibly suggest at this juncture that it has a superior right to the Mark. Arcadia alleges that it began using the Mark in 1998, prior to Moderna's application for the TOP SHOP TV mark and prior to Moderna's claimed date of first use. (Compl. Par. 1, 17). Arcadia has also alleged that prior to

Moderna's infringement on the Mark, Moderna knew and had notice that Arcadia owned and had already registered the Mark. (Compl. Par. 42). Arcadia's allegations make it plausible that its Mark has priority over Moderna's use of its TOP SHOP TV mark.

In addition, Moderna's argument regarding a dismissal of certain claims based upon the dates of its TOP SHOP TV trademark registration ignores the fact that Arcadia is challenging the validity of Moderna's registration of the TOP SHOP TV mark. It is premature at the motion to dismiss stage to resolve whether Moderna's registration is valid. Arcadia also argues that it can negate Moderna's assertion of constructive use by Moderna of the Mark by establishing actual use of the Mark by Arcadia that pre-dates the constructive use by Moderna. Arcadia was not required to allege detailed facts concerning priority or actual use in order to state a valid claim for relief. Arcadia also contends that it will attempt to show in this case that it has a group of trademark registrations for its Mark and that it would not be necessary for all members of the group to have pre-dated Moderna's registration. The issue of priority and whether Arcadia in fact has a protectable mark involves factual issues that cannot be resolved based on the allegations in the complaint at this juncture. *See Johnny Blastoff, Inc.*, 188 F.3d at 433 (stating that "[t]he determination of whether a party has established protectable rights in a trademark is made on a case by case

basis, considering the totality of the circumstances"). Therefore, Moderna's motion to dismiss the trademark infringement claims (Count I) is denied.

### B.  Trademark Dilution Claims (Count III)

Moderna argues that the trademark Dilution claims brought under the Federal Trademark Dilution Act (FTDA), 15 U.S.C. §§ 1125(c) & 1127, and the claims brought under the Illinois Anti–Dilution Act (IAA), 765 ILCS 1036/65 *et seq.* should be dismissed.

### 1.  FTDA Claims

Moderna argues that Arcadia has not alleged sufficient facts to state a valid claim for relief under the FTDA.  For an FTDA claim, a plaintiff must establish: (1) "that the mark is famous," (2) that the defendant "adopted the mark after the mark became famous," (3) that "the infringer diluted the mark," and (4) that the defendant's use of the mark "is commercial and in commerce."  *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 811-12 (7th Cir. 2002).  Moderna argues that Arcadia has not alleged facts to show that the Mark is famous.  Under the FTDA, a mark is deemed to be famous "if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the

mark's owner."  15 U.S.C. § 1125(c)(2)(A).  In determining whether a mark is famous a court can consider factors such as: (1) "[t]he duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties," (2) "[t]he amount, volume, and geographic extent of sales of goods or services offered under the mark," (3) "[t]he extent of actual recognition of the mark," and (4) "[w]hether the mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register." *Id.*

Arcadia alleges that it "owns the world famous TOPSHOP brands, under which it operates the website located at www.topshop.com."   (Compl. Par. 6).  Moderna argues that Arcadia has not sufficiently alleged that the Mark is famous because Arcadia did not specifically state that it is widely recognized by the general consuming public of the United States.  However, Arcadia is not required to allege verbatim the language from the FTDA as part of its allegations in order to state a valid claim under the FTDA.  Arcadia also alleges that "Arcadia's TOPSHOP brand is one of the most successful fashion brands in the world, involving many millions of dollars of sales in the United States, and a brand that is featured regularly in U.S. and international fashion and celebrity magazines, music videos, fashionable department stores, newspapers, and television and online news reports throughout the world."

(Compl. Par. 1).  Based on such allegations it can be plausibly inferred that the Mark is famous under the FTDA.  Therefore, the motion to dismiss the FTDA claim is denied.

### 2.  IAA Claims

Moderna moves to dismiss the IAA claims, arguing that Arcadia has failed to allege that the Mark is famous under the IAA.  Moderna argues that the IAA is limited to marks that are famous in Illinois.  *See* 765 ILCS 1036/65(a)(referencing a "mark which is famous in this State").  However, based on the allegations referenced above in regard to the FTDA claim, it can be plausibly inferred that the Mark is famous in Illinois.  Moderna also argues that an IAA claim is not available to competitors and that Moderna and Arcadia are competitors.  *See Jake Flowers, Inc. v. Kaiser*, 2002 WL 31906688, at *11 (N.D. Ill. 2002)(stating that "[t]he Illinois Courts have consistently held that the protections of the Illinois Anti-Dilution Statute are unavailable to competitors").  Arcadia does allege in the complaint that there is some type of competition between Arcadia and Moderna.  (Compl. Par. 75-80).  However, Arcadia argues that they are not direct competitors with Moderna and that it is premature to resolve this issue.  Even Moderna in its motion to dismiss indicates that it does "not necessarily agree that the parties compete. . . . "  (Mod. Mem. Dis.

15).  The extent and type of competition between Arcadia and Moderna and the circumstances regarding such competition is not alleged in the complaint and it is premature to resolve this issue.  Therefore, the motion to dismiss the IAA claims is denied.

## II.  Arcadia's Motion to Dismiss

Arcadia moves to dismiss the claim for declaratory relief (Count I) and the trademark misuse claims (Count II) in the counterclaim.

### A.  Declaratory Relief Claim (Count I)

Arcadia argues that the claim for declaratory relief seeks an advisory opinion. Moderna states in Count I of the counterclaim that "Moderna is entitled to a declaratory judgment that it is the senior user of its 'TOP SHOP TV' mark and has therefore not infringed" on Arcadia's Mark.  (CC Par. 141).  Arcadia argues that it has never contended that it has any interest in the TOP SHOP TV mark and that Moderna is thus seeking an advisory opinion where no dispute exists.  Moderna clarifies in response to the motion to dismiss that it is merely seeking a declaration that it has not infringed upon Arcadia's alleged trademarks, in part because Moderna has prior rights to the TOP SHOP TV mark.  (Ans. ARC Mot. 6).  However,

Moderna's explanation in its response is not consistent with the claim as written in Count I, in which Moderna seeks a declaration that it is "the senior user of its 'TOP SHOP TV' mark. . . ." (CC Par. 141). In considering the motion to dismiss Count I of the counterclaim, the court must consider the counterclaim as written. Moderna cannot amend the counterclaim in its brief in response to a motion to dismiss. Therefore, the court grants Arcadia's motion to dismiss the claim for declaratory relief in Count I of the counterclaim.

B.  Trademark Misuse Claims (Count II)

Arcadia argues that trademark misuse is not a recognized affirmative cause of action and moves to dismiss the trademark misuse claims in the counterclaim (Count II).  Moderna indicates in response to the motion to that Moderna agrees to withdraw its trademark misuse claims and have them dismissed without prejudice.  (Ans. Arc. Mot. 2, 9).  Arcadia contends that the dismissal should be with prejudice.  Moderna has not shown that a trademark misuse claim is a recognized affirmative claim or that such a claim should be recognized in this case and thus the trademark misuse claims are dismissed with prejudice.  Therefore, Arcadia's motion to dismiss the trademark misuse claims in the counterclaim (Count II) is granted.  Moderna also requests leave to amend its answer to the complaint to add trademark misuse as an affirmative

defense. Arcadia has not shown that such an amendment would prejudice Arcadia or that the affirmative defense would be improper at this juncture.  Fed. R. Civ. P. 15(a)(2); *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)(stating that "[a]ffirmative defenses will be stricken only when they are insufficient on the face of the pleadings" and that "motions to strike are disfavored").  Moderna is given leave to amend the answer to the complaint to include the trademark misuse affirmative defense by August 18, 2011.


## CONCLUSION

Based on the foregoing analysis, Moderna's motion to dismiss is denied and Arcadia's motion to dismiss is granted.  Moderna is given leave to amend the answer to the complaint to include the trademark misuse affirmative defense by August 18, 2011.


_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   August 15, 2011